UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHERINE BISHOP             :
                                   :
          v.                     :     C.A. No. 16-116M
                                   :
CAROLYN COLVIN, Acting     :
Commissioner of the Social Security  :
Administration              :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

      This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits

("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her

Complaint on March 10, 2016 seeking to reverse the decision of the Commissioner. On July 29,

2016, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (Document No. 9).

On August 30, 2016, the Commissioner filed a Motion for an Order Affirming the Decision of

the Commissioner. (Document No. 10. Plaintiff filed a Reply Memorandum on October 16,

2016. (Document No. 16).

      This matter has been referred to me for preliminary review, findings and recommended

disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the

parties' submissions and independent research, I find that there is substantial evidence in this

record to support the Commissioner's decision and findings that Plaintiff is not disabled within

the meaning of the Act.   Consequently, I recommend that Plaintiff's Motion to Reverse (Document No. 9) be DENIED and that the Commissioner's Motion to Affirm (Document No. 10) be GRANTED.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for DIB on August 20, 2013 (Tr. 164-165) alleging disability since January 31, 2011.  The application was denied initially and on reconsideration.  Plaintiff requested an Administrative Hearing.   On November 4, 2014, a hearing was held before Administrative Law Judge Gerald Resnick (the "ALJ") at which time Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified.  (Tr. 25-53).  The ALJ issued an unfavorable decision to Plaintiff on December 5, 2014.  (Tr. 7-20).  The Appeals Council denied Plaintiff's request for review on January 13, 2016.  (Tr. 1-3).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.   THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's mental RFC assessment is not supported by substantial evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are supported by substantial evidence and must be affirmed.

## III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356,

1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).   After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is

good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086,  1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id.  The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.   THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.   Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

substantial evidence in the record, the ALJ must give it controlling weight.   20 C.F.R. §

404.1527(d)(2).   The ALJ may discount a treating physician's opinion or report regarding an

inability to work if it is unsupported by objective medical evidence or is wholly conclusory.   See

Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford

them such weight as is supported by clinical or laboratory findings and other consistent evidence

of a claimant's impairments.   See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).

When a treating physician's opinion does not warrant controlling weight, the ALJ must

nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and

the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the

medical evidence supporting the opinion; (4) consistency with the record as a whole; (5)

specialization in the medical conditions at issue; and (6) other factors which tend to support or

contradict the opinion.   20 C.F.R § 404.1527(c).   However, a treating physician's opinion is

generally entitled to more weight than a consulting physician's opinion.   See 20 C.F.R. §

404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support

a medical source's statement that a claimant is disabled.   However, the ALJ is responsible for

making the ultimate determination about whether a claimant meets the statutory definition of

disability. 20 C.F.R. § 404.1527(e).   The ALJ is not required to give any special significance

to the status of a physician as treating or non-treating in weighing an opinion on whether the

claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§

404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  <u>See also</u> <u>Dudley v. Sec'y of Health and Human Servs.</u>, 816 F.2d 792, 794 (1st Cir. 1987).

### B.  Developing the Record

The ALJ has a duty to fully and fairly develop the record.   <u>Heggarty v. Sullivan</u>, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  <u>See</u> 42 U.S.C. § 406; <u>Evangelista v. Sec'y of Health and Human Servs.</u>, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  <u>Id.</u>  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  <u>See</u> <u>Heggarty</u>, 947 F.2d at 997, <u>citing</u> <u>Currier v. Sec'y of Health Educ. and Welfare</u>, 612 F.2d 594, 598 (1st Cir. 1980).

### C.  Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; <u>see also</u> <u>Conley v. Bowen</u>, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an

examination is necessary to enable the ALJ to render an informed decision.  <u>Carrillo Marin v.</u>

<u>Sec'y of Health and Human Servs.</u>, 758 F.2d 14, 17 (1st Cir. 1985).

### D.     The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability.  <u>See</u> 20 C.F.R. §§

404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not

disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or

combination of impairments which significantly limit her physical or mental ability to do basic

work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. §

404.1520(c).  Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R.

Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a

claimant's impairments do not prevent her from doing past relevant work, she is not disabled.

20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering her residual functional

capacity, age, education, and past work) prevent her from doing other work that exists in the

national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Significantly, the claimant

bears the burden of proof at steps one through four, but the Commissioner bears the burden at

step five.  <u>Wells v. Barnhart</u>, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process

applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently

severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must

consider any medically severe combination of impairments throughout the disability

determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and

well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled.  <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  <u>Seavey</u>, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  <u>Deblois v. Sec'y of Health and Human Servs.</u>, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  <u>Id.</u>

**E.     Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  <u>Seavey</u>, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant.  <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  <u>Seavey</u>, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  <u>Id.</u>; <u>see also</u> <u>Heckler v. Campbell</u>, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. <u>Nguyen</u>, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. <u>Heggarty</u>, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. <u>See</u> <u>Ferguson v. Schweiker</u>, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.   Pain

"Pain can constitute a significant non-exertional impairment." <u>Nguyen</u>, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

    (1)     The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    (2)     Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    (3)     Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    (4)     Treatment, other than medication, for relief of pain;

    (5)     Functional restrictions; and

    (6)     The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such

testimony or the implication must be so clear as to amount to a specific credibility finding."

Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d

1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ found that Plaintiff's anxiety, depression and obsessive compulsive disorder

were severe impairments which did not equal or meet a listing.  (Tr. 12-13).  He found that

Plaintiff had the RFC to perform the full range of work at all exertional levels, but with the

following nonexertional limitations:

> Only simple, routine, competitive, repetitive, non-abstract tasks, on
> a sustained basis over a normal eight-hour workday in a stable
> work environment, with no more than simple decision making, no
> close interpersonal interaction with coworkers and supervisors; no
> interaction with the public; and no requirement to perform
> complex or detailed tasks.

(Tr. 13-14).  The ALJ found that such RFC did not allow for Plaintiff's past work, but allowed

for other work that exists in significant numbers, and that accordingly, Plaintiff was not disabled.

(Tr. 18-20).

### B.    Plaintiff Has Shown No error in the ALJ's Evaluation of the Opinion Evidence

Plaintiff makes a single argument in support of her request for remand.  Plaintiff contends

that the ALJ erred by favoring the opinion of Dr. Jacobson, a reviewing psychologist, over the

opinions of Ms. Hitchcock, a treating therapist.  (Document No. 9 at p. 8).

Plaintiff received therapy from Ms. Hitchcock intermittently since 2005.  (Tr. 296).

Plaintiff resumed regular therapy with Ms. Hitchcock in April 2014.  Id.  On August 18, 2014,

Ms. Hitchcock filled out a mental RFC questionnaire regarding Plaintiff at the request of her

attorney.  (Exh. B4F).  She opined that Plaintiff had severe limitations in her ability to respond

appropriately to supervision, coworkers and customary work pressures.  (Tr. 290).  She further

opined that Plaintiff had moderately severe limitations in her abilities to maintain concentration

and focus, noting that Plaintiff had "no follow through on tasks" and "becomes fixated on one

activity."  (Tr. 291).  As to the area of ability to deal with complex instructions and tasks, Ms.

Hitchcock noted that her opinions were based on Plaintiff's "report."  (Tr. 290-291).  On October

22, 2014, Ms. Hitchcock provided a letter to Plaintiff's counsel in support of Plaintiff's disability

application "because [Plaintiff] has withdrawn her release of information for treatment notes to

be released to you or SSI."  (Tr. 296).  The letter reported a period of family conflict and that

"[s]ince entering therapy, [Plaintiff] has become more medication compliant and regularly sees

her psychiatrist."  (Tr. 297).  Ms. Hitchcock also opined that Plaintiff:

> has been working on setting appropriate boundaries with her
> family with some success but she continues to be extremely over-
> reactive when she feels discounted by others.  It is this reactivity
> and her poor coping strategies when angered that interfere with her
> ability maintain stable relationships and to be employable at this
> time.

(Tr. 297).

In his decision, the ALJ thoroughly discussed Ms. Hitchcock's opinions and, to the extent

they conflicted with Dr. Jacobson's assessment, gave them "minimal probative weight."  (Tr.

18).  The ALJ accurately observed that "some" limitations were expressly "per cl report" and

thus it appeared that Ms. Hitchcock's "assessments are based on...subjective complaints over objective clinical finding," as well as "far in excess of limitations supported by Dr. Bessette's records." Id. Dr. Bessette is a treating psychiatrist.[1]

As to Dr. Jacobson's findings, (Exh. B10A), the ALJ found that they were "not unreasonable" and given "substantial weight" because they were well supported by, and consistent with the longitudinal record. (Tr. 18). The ALJ based his RFC assessment directly on Dr. Jacobson's opinions. Id.

As an initial matter, Plaintiff's challenge to the ALJ's findings is legally flawed. Plaintiff relies upon the treating source rule set forth in 20 C.F.R. § 404.1527(d). (Document No. 9 at p. 9). Ms. Hitchcock is a licensed clinical social worker. She is not an acceptable medical source whose opinions must be reviewed under the treating source rule. See 20 C.F.R. § 404.1513(a); and SSR 06-03p. Thus, as a matter of law, Ms. Hitchcock's opinions were not eligible for controlling weight or otherwise subject to the requirements of the treating source rule. Accordingly, Plaintiff's challenge fails on the law.

Furthermore, the record is clear that the ALJ thoroughly evaluated Ms. Hitchcock's opinions as required by SSR 06-03p. First, although Ms. Hitchcock first saw Plaintiff in 2005, it is undisputed that she did not treat Plaintiff for most of the relevant disability period beginning January 31, 2011.

---

[1] The ALJ observed that Dr. Bessette reported Plaintiff's condition as stable on multiple occasions and assessed a GAF score of fifty-one consistent with a moderate, non-disabling limitation in functioning. (Tr. 17). In addition, he observed that Plaintiff reported an improvement in condition and functioning after going on medication. Id. Plaintiff does not challenge those findings.

Second, the ALJ also properly considered the fact that Ms. Hitchcock expressly stated that she based some limitations on Plaintiff's reports, and that the remaining limitations "appeared" to be based on Plaintiff's subjective complaints over objective clinical findings. (Tr. 18). Plaintiff is correct that Ms. Hitchcock based only two of the fourteen limitations she assessed <u>explicitly</u> on Plaintiff's reports (Tr. 290-291) (<u>citing</u> "per cl. report"), but this does not mean that the remainder of the opinion was not also based on subjective reports. To the contrary, the ALJ reasonably found that these remaining limitations "appeared" to be based on Plaintiff's subjective complaints over objective clinical findings. The ALJ was within his discretion to draw such inference, and it was not unreasonable given that Ms. Hitchcock did not cite any objective clinical findings, such as test scores or mental status observations, to support any of the limitations she assessed. (Tr. 289-291). The ALJ properly found that this lack of objective support rendered the opinion less persuasive. <u>See</u> 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Ms. Hitchcock also did not provide any basis at all for two of the limitations she assessed (Tr. 290) and based the remaining limitations on non-objective criteria, including Plaintiff getting angry, rarely going out, having no outside interests, becoming overwhelmed and becoming bored. (Tr. 289-291). Based on the non-objective criteria cited by Ms. Hitchcock, the ALJ reasonably stated that the opinion "appeared" to be based primarily on Plaintiff's subjective complaints over objective clinical findings, and properly gave it minimal weight for this reason.

Third, the ALJ also properly considered the fact that the limitations Ms. Hitchcock assessed were far in excess of any limitations supported by Dr. Bessette's treatment notes. (Tr. 18). Plaintiff does not specifically challenge this reason for giving Ms. Hitchcock's opinion little weight, and the record supports the ALJ's characterization of Ms. Hitchcock's opinions as inconsistent with Dr. Bessette's treatment notes. As noted above, Ms. Hitchcock stated that Plaintiff was moderately-severely or severely limited in social functioning, attention, concentration, persistence and pace. (Tr. 289-291). Dr. Bessette, however, never noted any abnormalities in Plaintiff's mental functioning (Tr. 267-269, 282-287, 292-295) and, from June 2013 through October 2014, specifically noted normal mood, affect, thoughts, memory, attention, concentration and judgment. (Tr. 283-287, 292-295). The ALJ properly gave Ms. Hitchcock's opinion minimal weight because it was inconsistent with the evidence of record. 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

The ALJ also properly gave substantial weight to Dr. Jacobson's opinion. (Tr. 18). Plaintiff's contention that Dr. Jacobson gave no analysis of the evidence or supportive rationale is belied by the record. To the contrary, Dr. Jacobson discussed Dr. Bessette's treatment notes, Dr. Unger's report and Plaintiff's self-reports, and explained why such evidence supported only moderate mental limitations. (Tr. 107). Dr. Jacobson also cited record evidence to explain his specific findings that Plaintiff had no understanding or memory limitations, could generally get along with people, and could plan for tasks and adapt to changes, but needed time to adjust to a novel work setting. (Tr. 108-109). Thus, Dr. Jacobson's opinion was not conclusory, and the

-16-

ALJ properly relied on it.  See Brown v. Apfel, 71 F. Supp. 2d 28, 39-40 (D.R.I. 1999) (finding that a State agency physician's opinions constituted substantial evidence to support the ALJ's decision where the opinions "contain[ed] written analyses of plaintiff's mental condition with specific findings as to the effects of plaintiff's mental impairments," rather than merely checking boxes).  Thus, the ALJ did not err by giving substantial weight to Dr. Jacobson's assessments.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 9) be DENIED and that Defendant's Motion to Affirm (Document No. 10) be GRANTED.  Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 24, 2016